UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
RICHARD A. MEDLAR,            :        CASE NO. 1:11-CV-2528
                                              :
        Petitioner,           :
                                              :
vs.                                         :        OPINION & ORDER
                                              :        [Resolving Doc. No. 1]
BOB REID,                            :
                                              :
        Respondent.         :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Richard A. Medlar filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. §2254 (Doc. No. 1). Medlar is incarcerated in an Ohio penal institution, having been convicted in 2011 of Driving Under the Influence, a fourth degree felony. He is serving a sentence of 120 days in the Cuyahoga County Jail, followed by 180 days in a lock down inpatient drug/alcohol treatment center or the Lorain Correctional Institution if a suitable treatment facility cannot be secured. For the reasons stated below, the petition is denied and this action is dismissed.

**I. Factual Background**

Medlar was arrested on January 13, 2011 and charged with driving under the influence of drugs or alcohol. His automobile was impounded, along with all of his personal property in the vehicle at the time of his arrest. He appeared in court on January 18, 2011 and a public defender was assigned to represent him. Bond was set at $10,000. Medlar posted bond on

January 20, 2011 and was released pending trial. The following day, he was indicted on the original charges. A preliminary hearing was conducted and he entered a plea of not guilty. His bond was continued.

Medlar filed a Motion seeking release of his vehicle from the impound lot. The Motion was granted by the court on April 6, 2011. He contends he went to the impound lot to retrieve his vehicle but was told it would not be released to him unless he paid the impound fee of $2,000.00. He was unable to pay the fee and was not permitted to take his car. On May 1, 2011, Rich's Towing sold the car to a scrap yard without Medlar's knowledge or court approval.

Medlar changed his plea to no contest on August 8, 2011. The court found him guilty of the offense and set a date and time for sentencing. Medlar requested permission to retrieve his personal property from the vehicle. The Motion was granted by the court on August 10, 2011. His personal property, however, had been confiscated when the vehicle was sold. Medlar contends he agreed to plead guilty only because he had been told he could retrieve his property.

Medlar filed an appeal on September 6, 2011, prior to sentencing, and asked the court to continue the sentencing hearing. Sentencing was continued to September 13, 2011, at which time Medlar was sentenced to a total of 300 days incarceration to be served as 120 days in the Cuyahoga County Jail, followed by 180 days in a lock down inpatient drug/alcohol treatment center or the Lorain Correctional Institution if a suitable treatment facility could not be secured. His drivers license was suspended until September 13, 2021 and a fine of $ 1,300.00 was imposed. Medlar filed a Motion to continue bail and suspend his sentence which was denied. The appeal was denied on October 25, 2011 because Medlar did not file the record. He

contends he did not file an appeal of the judgment of conviction after his sentencing because he did not have legal counsel, was not aware of his right to appeal, was not aware of appeal procedures and did not know what grounds to raise.

## II.  Habeas Petition

On November 22, 2011, Medlar filed the within petition for a writ of habeas corpus. In the petition, Medlar raised four grounds for relief:

> 1. Property seizure is unequally enforced. By nature, the law cannot be equally enforced as written.
>
> 2. Property was seized without due process in violation of the Fourth Amendment.
>
> 3. He was sentenced to additional time for refusing to take a breathalizer test in violation of his Fifth Amendment right against self-incrimination.
>
> 4. His offense should not be considered to be a fourth degree felony nor should property seizure be permitted incident to arrest. He asserts that this constitutes entrapment and places him in double jeopardy.

## III.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538

U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). In advancing such goals, Section 2254(d) places constraints on "the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams*, 529 U.S. at 412. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state

courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

### IV. Exhaustion of State Court Remedies

It is apparent on the face of the petition that Medlar did not exhaust his state court remedies. He states he filed an appeal prior to his sentencing, but the appeal was dismissed because Medlar did not file the record. He did not file an appeal after his conviction. There is no indication that he raised in the state courts any of the grounds for relief he asserts in this petition. Medlar may be able to file a delayed direct appeal, or may be able to file a Motion for Post-Conviction Relief. This Court, therefore, cannot entertain his petition for a writ of habeas corpus at this time.

### V. Conclusion

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules

Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

       IT IS SO ORDERED.


Dated: February 28, 2012                        *s/    James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE